JOSLYN HUNT
Assistant Federal Defender
Federal Defenders of Montana
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 49-8381
Fax: (406) 449-5651
joslyn_hunt@fd.org
    Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVE ALAN BRITTNER,<br><br>Defendant. | CR 16-15-M-DLC<br><br>**DEFENDANT'S<br>BRIEF IN SUPPORT OF HIS<br>MOTION TO REDUCE<br>SENTENCE PURSUANT TO<br>18 U.S.C. §3582(c)(1)(A)(i)** |

## I.  INTRODUCTION

Defendant Steve Brittner (Mr. Brittner), by and through his attorney Joslyn Hunt and the Federal Defenders of Montana, respectfully moved for compassionate release based on the terminal brain cancer he has. This brief supports that motion.

## II. JURISDICTION

On December 21, 2018, the President signed the First Step Act into law. Among the criminal justice reforms, Congress amended 18 U.S.C. §3582(c)(1)(A)(i) to provide the sentencing judge jurisdiction to consider a defendant's motion for reduction of sentence under the subsection when "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf[.]" (First Step Act of 2018 at 119).

Mr. Brittner exhausted all administrative remedies by seeking compassionate release through the prison at the Federal Medical Center Butner, which resulted in a denial on August 22, 2018 and another denial on October 31, 2018. (*See* Exhibit A)[1]. The denials constitute a "final administrative decision" that an inmate may not appeal through the Administrative Remedy Procedure. 28 C.F.R. §571.63(d).

## III. SENTENCE REDUCTION AUTHORITY UNDER 18 U.S.C. §3582(c)(1)(A)(i)

This Court has discretion to reduce the term of imprisonment imposed in this case based on 18 U.S.C. §3582(c)(1)(A)(i), which states in relevant part that the Court "may reduce the term of imprisonment . . . after consideration [of] the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that

---

[1] Exhibits contained within this motion delineate medical information specific to Mr. Brittner and are thereby sealed and filed separately pursuant to Local Rule CR 49.3(a)(2)(C).

extraordinary and compelling reasons warrant such a reduction[.]" Pursuant to the requirement of 28 U.S.C. §994(t), as authorized by 28 U.S.C. §994(a)(2)(C), the Sentencing Commission promulgated a policy statement that sets out the criteria and examples of "extraordinary and compelling reasons" in USSG §1B1.13 that include Mr. Brittner's circumstances:

> The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

USSG §1B1.13, comment n.1(A)(i) (Nov. 1, 2018).

Mr. Brittner has exhausted available administrative remedies. This Court's exercise of sentencing discretion based on the extraordinary and compelling reasons will depend on Mr. Brittner's current medical condition and service of the substantial portion of his sentence. Should this Court so request, this motion will be supplemented with medical records and other information as needed.

### IV. FACTUAL AND PROCEDURAL BACKGROUND

Mr. Brittner has been in custody in connection with the present offense of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §846 since June 16, 2016. (*See* Docs. 9, 32, 46). He was sentenced on September 13, 2016, to 48 months' imprisonment, followed by five years' supervised release. (Docs. 65, 66).

He has served three-quarters of the sentence of imprisonment imposed by this Court. His projected release date according to the Bureau of Prisons is January 14, 2020.

During the service of his sentence, it was discovered in January 2018 that Mr. Brittner has brain cancer. He received surgery, radiation, and cancer treatments in an attempt to eradicate the cancer or at least prevent the cancer from spreading. (*See* Exhibit A, August 22, 2018 Memorandum from General Counsel). Mr. Brittner filed a compassionate release request which was denied by the Bureau of Prisons. The Bureau of Prisons indicated that Mr. Brittner would live long enough to see his release date without having to grant the compassionate release request he submitted. (Exhibit A, August 22, 2018 Memorandum).

Mr. Brittner's health continues to decline. Indeed, as his medical records show, as of October 2018, the doctor indicated Mr. Brittner was fatigued, weak, and confused. His prognosis remained "poor" for his "malignant neoplasm of brain." (*See* Exhibit B). He is located in a medical facility and has been asked as of November 2018 whether he was ready for hospice care. The doctor in November 2018 noted that Mr. Brittner's memory and weakness were worsening since, again, his prognosis remained "poor." (*See* Exhibit C).

As part of the First Step Act that the President of the United States signed on December 21, 2018, Congress removed a major obstacle from judicial review of sentences to determine whether conditions such as terminal illness made a sentence

reduction "sufficient, but not greater than necessary" under 18 U.S.C. §3553(a). Under the First Step Act, this Court is afforded jurisdiction to make the §3553(a) determination of whether Mr. Brittner's time in prison, in light of his age (55 years old), terminal illness, and other debilitating conditions is "sufficient, but not greater than necessary" to accomplish the goals of sentencing.

    **A.**    **Mr. Brittner's terminal illness constitutes an extraordinary and compelling reason warranting a sentence reduction.**

Mr. Brittner meets the threshold requirement of "extraordinary and compelling reasons" because he has a terminal illness within the meaning of Application Note 1(A)(i) of USSG §1B1.13 ("The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)."). In particular, Mr. Brittner has a "malignant neoplasm of [the] brain." His condition worsens as each month passes, as he also becomes weaker prompting discussions of hospice care and discharge to his housing unit "with [c]onvalescence." (Exhibit C).

    **B.**    **With full consideration of the §3553(a) factors, Mr. Brittner's time served constitutes a sentence sufficient but not greater than necessary to accomplish the goals of sentencing.**

In the time Mr. Brittner has already served, he has met many of the original §3553(a) sentencing goals. In particular, as he had already done when sentenced for his crime, in the time he has served Mr. Brittner has reflected on his actions and has acknowledged the mistakes he has made. He has also reflected on the demons that led him to make poor life choices. Mr. Brittner has a renewed respect for life,

especially as he faces having very little life left to live. He desires to live out the remainder of his time surrounded by his loving family, rather than incarcerated in a facility his family does not have the fortuity to visit.

With these §3553(a) factors in mind in addition to the extraordinary and compelling medical reasons present here, reduction of Mr. Brittner's sentence to time served equates to a sentence that is sufficient but not greater than necessary to effect Mr. Brittner's end-of-life medical care. At this stage, Mr. Brittner is wheelchair-bound—when he is able to get out of bed. He poses no safety risk to the public. And continued incarceration of Mr. Brittner serves only to deter those closest to him from a crime-laden path as those he is surrounded by watch him pass away after having served the past three years in prison.

### C. The conditions of supervised release should be modified to accommodate the reasons for the sentence reduction.

As with defendants in recent years being released from long sentences through clemency, retroactive guideline amendments, and Supreme Court definitions of predicate convictions for enhanced sentencing, Mr. Brittner has a release plan.

Namely, if Mr. Brittner's motion for compassionate release is granted, his fiancee, Maggie Amos, will care for him in her home—a home that has already been inspected by the probation office. Ms. Amos works, as well, but when she is unable to be present with Mr. Brittner, either hospice care or Mr. Brittner's brothers and sister will be watching over Mr. Brittner.

Federal Defenders of Montana
50 West 14th Street, Suite 1
Helena, Montana 59601
(406) 449-8381

Mr. Brittner's condition worsens each passing day. Some days he no longer recognizes his own name. Ms. Amos welcomes Mr. Brittner's probation office to visit and search her home whenever, as may be necessary under Mr. Brittner's conditions of supervised release. Having Mr. Brittner appear at the probation office for visits and/or testing, however, will prove problematic due to his weakened health and continued inability to move around. Mr. Brittner wants this Court to know, though, that it is his intention to comply with the conditions placed on him so long as those conditions account for his terminal illness. Ms. Amos cares deeply for Mr. Brittner and will see to his care and his compliance with his conditions.

## V. CONCLUSION

For the foregoing reasons, Mr. Brittner respectfully requests that this Court grant reduction in sentence to time served and amend the conditions of supervised release to accommodate the release plan as above-articulated.

RESPECTFULLY SUBMITTED this 19th day of February, 2019.

/s/ Joslyn Hunt
JOSLYN HUNT
Assistant Federal Defender
Counsel for Defendant

# VI.  CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended).  The brief's line spacing is double spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 1,414 excluding tables and certificates).

DATED this 15th day of February, 2019.

By: /s/ Joslyn Hunt
JOSLYN HUNT
Federal Defenders of Montana
Counsel for Defendant

# VII. CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on February 19, 2019, a copy of the foregoing document was served on the following persons by the following means:

__1__   CM-ECF

_____ Hand Delivery

_____   Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. TARA J. ELLIOTT
   Assistant U.S. Attorney
   U.S. Attorney's Office
   P.O. Box 8329
   Missoula, MT 59807
   Counsel for the United States of America

/s/ Joslyn Hunt
FEDERAL DEFENDERS OF MONTANA

Federal Defenders of Montana
50 West 14th Street, Suite 1
Helena, Montana 59601
(406) 449-8381