**BRENDAN MCCARTHY**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:       (406) 657-6101
FAX:         (406) 657-6989
Email:       brendan.mccarthy@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> vs. <br><br> **STEVE ALAN BRITTNER,** <br><br> Defendant. | **CR 16-15-M-DLC** <br><br> **RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i)** |

The United States, represented by Assistant United States Attorney Brendan P. McCarthy, hereby responds to defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The government submits that the defendant's motion should be denied. The court can only grant the motion if the defendant

meets the reasonable and compelling reason standard as set forth in USSG § 1B1.13. Defendant cannot meet that burden because he cannot show that he has a terminal illness, as defined under the guidelines, nor can he show that his ability of self-care has been substantially diminished.

## I. Background

On May 9, 2016, defendant pleaded guilty to conspiracy to distribute methamphetamine in violation of 21 US.C. § 846. PSR ¶ 9. On September 13, 2016, defendant was sentenced to 48 months imprisonment followed by 5 years supervised release. Doc. 66. Defendant's anticipated release date from Bureau of Prisons is January 14, 2020.

In January 2018, a MRI revealed that defendant has a malignant brain tumor. Defense Exhibit B. Defendant underwent surgery to remove the tumor in March 2018. *Id.*

Due to his medical circumstances, defendant filed a request for compassionate release with the BOP pursuant to 18 U.S.C. § 3582(c)(1)(A). On August 22, 2018, defendant's request was denied. Def. Ex. A. The memorandum from the Assistant Director of the BOP stated that post-surgery cranial imagery did not reveal evidence of "tumor recurrence or progression." *Id.* The memo indicated that the defendant was fully independent and his life expectancy was likely to

exceed 18 months. *Id.* Survival statistics for defendant's illness also showed a median survival time of two to three years. *Id.* And the Assistant Director stated that defendant could file a new request if his condition deteriorated. *Id.*

Defendant was evaluated by his oncologist on October 18, 2018. Ex. B. Defendant complained of fatigue and intermittent weakness. *Id.* His oncologist prescribed Temodar, a chemotherapy drug, and indicated that his prognosis was poor. *Id.*

On October 24, 2018, defendant's second request for compassionate release was denied. Ex. A. On the denial form, a staff member wrote that defendant's medical provider confirmed that his condition had not changed since the last denial. *Id.*

Defendant was evaluated by his oncologist again on November 15, 2018. Ex. C. He complained of fatigue, intermittent weakness, and worsening memory. *Id.* His prognosis remained poor and his oncologist discussed the possibility of hospice care. *Id.* Defendant stated that he would consider hospice care. *Id*.

**II.    Defendant does not qualify for a reduction under USSG § 1B1.13**

In December 2018, the First Step Act was signed into law. The First Step Act revised 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to modify a

sentence not only upon motion of the Director of the Bureau of Prisons but also upon motion made by the defendant when certain conditions are met.

Under 18 US.C. § 3582(c)(1)(A)(i), the sentencing court may now reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." USSG § 1B1.13 defines what qualifies as an extraordinary or compelling reason.

USSG § 1B1.13 cmt. n.1(A) states that an extraordinary and compelling reason exists under any of the following circumstances:

(A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advances illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is –

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Here, defendant does not meet the standard for an extraordinary and compelling reason, as defined under USSG § 1B1.13 cmt. n.1(A)(i), because he cannot show that he suffers from a terminal illness. To clarify what qualifies as a terminal illness, the notes to § 1B1.13 list specific illnesses that would qualify. Those examples include sold-tumor metastatic cancer. Metastasize is a medical term that means: "[t]o spread from one part of the body to another. When cancer cells metastasize and form secondary tumors, the cells in the metastatic tumor are like those in the original (primary) tumor."[1] Metastatic cancer, therefore, is cancer that has spread from one area of the body to other areas, such as the lymph nodes or other organs.

Although defendant's medical records show that he was diagnosed with a malignant brain tumor, those records do not indicate that the tumor has metastasized. Rather, the records show that the tumor has not recurred or

---

[1] https://www.cancer.gov/publications/dictionaries/cancer-terms/def/metastasize

progressed since surgery in March 2018. Since his medical records do not refer to the tumor having metastasized, defendant cannot meet his burden of proving that his illness qualifies as a terminal illness under the guidelines.

Defendant also cannot show that he meets the extraordinary and compelling reason standard under USSG § 1B1.13 cmt. n.1(A)(ii) because there is no evidence that his ability to care for himself has been substantially diminished. Although the guidelines do not define what a serious condition is, a malignant brain tumor undoubtedly would be considered a serious condition. But, to qualify as an extraordinary and compelling reason, defendant also has to show that his ability of self-care has been substantially diminished.

At this time, defendant has not submitted proof that his condition has substantially diminished his ability of self-care. During his November 2018 medical evaluation, his oncologist discussed the possibility of hospice care with defendant. But a discussion of hospice care, on its own, cannot be enough to show that his ability for self-care has been diminished. Defendant has not provided evidence as to whether he is currently in hospice care, what that entails, and whether his prognosis has improved or worsened.

Based on those reasons, the defendant cannot meet the extraordinary and compelling reason standard for compassionate release. However, as stated in

6

the original denial of his request by BOP, defendant can continue to request release if his condition deteriorates.

DATED this 5th day of March 2019.

        KURT G. ALME
        United States Attorney


        */s/ Brendan McCarthy*
        BRENDAN MCCARTHY
        Assistant U. S. Attorney