JOSLYN HUNT
Assistant Federal Defender
Federal Defenders of Montana
50 West 14th Street, Suite 1
Helena, Montana 59601
Phone: (406) 49-8381
Fax: (406) 449-5651
joslyn_hunt@fd.org
      Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STEVE ALAN BRITTNER, <br><br> Defendant. | CR 16-15-M-DLC <br><br> **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. §3582(c)(1)(A)(i)** |

## I. INTRODUCTION

Defendant Steve Alan Brittner (Mr. Brittner) filed a motion for compassionate release and brief in support thereof. (ECF No. 79-80). The government responded. (ECF No. 81). Mr. Brittner stands on his arguments as indicated in his initial briefing and replies to the government's contentions.

## II.  REPLY ARGUMENTS

The government's argument against this Court exercising its discretion in granting Mr. Brittner's motion for compassionate release can be summed up as follows:  Mr. Brittner is not dying enough to warrant release.  (*See* ECF No. 81 at pages 5-7).  The government would prefer that Mr. Brittner—a non-violent offender who has served almost the entirety of his sentence for a drug conviction—die alone in prison.  Such an argument cannot stand nor does it coincide with the premise for changing how compassionate release motions are pursued according to the First Step Act.

United States Sentencing Guideline §1B1.13 indicates in Comment Note 1(A)(i) that an extraordinary and compelling reason for granting compassionate release includes where a defendant has a terminal illness–meaning the defendant has a "serious and advanced illness with an end of life trajectory."  The comment note then provides examples, to include "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia."  USSG §1B1.13, cmt n.1(A)(i).

As with other examples provided throughout the comments in the advisory sentencing guidelines, the list provided is not exhaustive.  *See United States v. Lambert*, 498 F.3d 963 (9th Cir. 2007).  Moreover, according to the government's argument, only prisoners dying of malignant tumors that have metastasized should

be granted compassionate release. Not only does that argument fail to account for the fact people die from tumors without those tumors metastasizing, but more importantly that argument fails to account for the fact Mr. Brittner's malignant brain neuroplasm is "a serious and advanced illness with an end of life trajectory." Case-in-point, if it was not serious or advanced, Mr. Brittner would not be housed in the Federal Medical Facility on the fifth floor of the facility surrounded by other prisoners who die weekly. Nor would his doctor continue to indicate how poor Mr. Brittner's prognosis is or how his condition worsens.

The comment note specifically indicates that, to qualify as a terminal illness, a "specific prognosis of life expectancy" is not required. Yet, the government's argument that Mr. Brittner's brain tumor is not cancerous enough suggests that the government expects this Court only to grant compassionate release motions for those prisoners who have just weeks to live. That is not why the First Step Act changed the procedure for compassionate release, nor should any prisoner in Mr. Brittner's condition be told he is not sick enough to die around his family.

Again, the doctor's notes indicate that Mr. Brittner's condition continues to worsen. He becomes weaker by the day. That Mr. Brittner has chosen not to say "yes" to hospice care yet should not be this Court's deciding factor. Mr. Brittner is holding on to hope that he can and will see his family again before he dies. The government's argument that Mr. Brittner has "not provided evidence as to whether

he is currently in hospice care, what that entails, and whether his prognosis has improved or worsened" (ECF No. 81 at page 6) (1) defies the very definition of hospice care[1]; and (2) begs the question whether, had Mr. Brittner said "yes" to the doctor's question about hospice care in November 2018, the government would be making the same argument it has to date.

Mr. Brittner poses no risk to anyone. He just wants to be able to be surrounded by his loved ones during his final days. This Court has the authority to grant Mr. Brittner's motion, and Mr. Brittner submits he has provided the legal support for this Court to exercise such authority.

### III. CONCLUSION

For the foregoing reasons, Mr. Brittner respectfully requests that this Court grant reduction in sentence to time served and amend the conditions of supervised release to accommodate the release plan as articulated in his initial briefing.

RESPECTFULLY SUBMITTED this 7th day of March, 2019.

/s/ Joslyn Hunt
JOSLYN HUNT
Assistant Federal Defender
Counsel for Defendant

---

[1] "**Hospice care:** Care designed to give supportive care to people in the final phase of a terminal illness and focus on comfort and quality of life, rather than cure." https://www.medicinenet.com/script/main/art.asp?articlekey=24267.

## IV.  CERTIFICATE OF COMPLIANCE

I hereby certify that this Brief is in compliance with Local Rule 7.1(d)(2)(as amended).  The brief's line spacing is double spaced, and is proportionately spaced, with a 14-point font size and contains less than 6,500 words. (Total number of words: 709 excluding tables and certificates).

DATED this 7th day of March, 2019.

> By:  /s/ Joslyn Hunt
> JOSLYN HUNT
> Federal Defenders of Montana
> Counsel for Defendant

# V.  CERTIFICATE OF SERVICE
L.R. 5.2(b)

I hereby certify that on March 7, 2019, a copy of the foregoing document was served on the following persons by the following means:

__1__    CM-ECF

_____ Hand Delivery

_____    Mail

1. CLERK, UNITED STATES DISTRICT COURT

1. Brendan McCarthy
   Assistant U.S. Attorney
   James F. Battin U.S. Courthouse
   2601 Second Avenue North, Ste. 3200
   Billings, MT  59101
   Counsel for the United States of America


/s/ Joslyn Hunt
FEDERAL DEFENDERS OF MONTANA

Federal Defenders of Montana
50 West 14th Street, Suite 1
Helena, Montana 59601
(406) 449-8381